IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **GEORGE T. HOWELL, III,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil No. **04-593-CJP**[1] |
| | ) |
| **SARAH REVELL,**[2] | ) |
| | ) |
| Respondent. | ) |

## **MEMORANDUM and ORDER**

George T. Howell, III, is an inmate in the custody of the Bureau of Prisons. He has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. Respondent has filed a Response **(Doc. 9)**, to which petitioner has replied **(Doc. 10)**.

Petitioner was convicted of being a felon in possession of a firearm in the Northern District of Illinois, and sentenced to 210 months imprisonment. He began serving his sentence on June 1, 1993, and the projected date of his release is December 21, 2007. **See, Doc. 9, Ex. A**.

Petitioner claims that he is entitled to habeas relief because he was denied due process in relation to a prison disciplinary hearing in 2004. He was found guilty of a violation and lost 27 days of good conduct credit. He alleges that he was not given a copy of the Disciplinary Hearing Officer's Report, and was therefore unable to appeal the decision.

In early 2004, Howell was housed at FMC-Rochester. He was charged in an incident report with making sexual proposals or threats to another on February 7, 2004. The incident

---

[1] Upon consent of the parties, this matter was referred to the undersigned for final disposition pursuant to 28 U.S.C. §636(c). See, Doc. 12.

[2] The proper respondent is the person who has custody of petitioner, i.e., the warden. As Sarah Revell is now the warden of FCI-Greenville, she has been substituted as respondent. See, Fed.R.Civ.P. 25(d).

1

report was assigned number 1189251. He was alleged to have made statements of a suggestive nature to S. Dosanj, a female case manager at FMC-Rochester. He was given a copy of the incident report, and advised of his right to remain silent. He was given written notice of the hearing, and did not request any witnesses. Mr. Howell was given a document entitled "Inmate Rights at Disciplinary Hearing," which he signed. Included among the enumerated rights is the right to receive a copy of the hearing officer's decision in writing, and to appeal from that decision. **Doc. 9, Ex. B**.

Respondent properly admits that petitioner had a due process right to receive the Disciplinary Hearing Officer's report. **See, Doc. 9, p. 8;** *Wolff v. McDonnell*, **418 U.S. 539, 564-565, 94 S.Ct. 2963, 2979 (1974).** Respondent denies that Howell is entitled to habeas relief because, first, he did in fact receive a copy of the report, and, in any event, he failed to exhaust administrative remedies.

The Disciplinary Hearing Officer's report (DHO report) was dated March 16, 2004. A copy of the three page document is located at **Doc. 9, Ex. C**. The DHO report states that Howell admitting making the statements attributed to him in the incident report. The DHO found that Howell had violated Code 298 by interfering with staff in the performance of their duties. The charge was changed to Code 298 from Code 206 because the statements made by Howell "were proposing an inappropriate relationship rather than an actual sexual threat." The form states on the third page that a copy was given to Howell on March 18, 2004, by "B. Blomgren."

Petitioner denies that he received a copy of the report. He points out that he was transferred from FMC Rochester to FCI Greenville, his current institution, on March 17, 2004. This information is verified by a document attached to the Response, **Doc. 9, Ex. A**. Respondent does not give any information on whether B. Blomgren was assigned to Rochester or to

2

Greenville.  There is no statement of the manner in which the DHO report was given to Howell.  Under the circumstances, the Court does not find this argument persuasive.

Respondent also asserts that Howell admitted that he received a copy of the report in a Request for Administrative Remedy stamped "Received May 28, 2004," and attached to **Doc. 1**.  Although it is difficult to read, it appears that petitioner is stating in the Request for Administrative Remedy that he received a *different* DHO report on May 18, 2004, relating to incident report number 120299.  There is no admission by petitioner that he received the DHO report in issue here.

Respondent had not demonstrated that petitioner was, in fact, given a copy of the report.  However, because petitioner did not exhaust his administrative remedies, his petition must be denied.

Petitioner was required to exhaust administrative remedies by utilizing the prison's grievance procedure.  The Bureau of Prisons has created an Administrative Remedy Program, which is the "process through which inmates may seek formal review of an issue which relates to any aspect of their confinement."  **28 C.F.R. § 542.10**.  Under this program, in most instances, a federal prisoner files his initial grievance on a BP-9 form.  **28 C.F.R. § 542.14**.  If dissatisfied with the disposition of the grievance, the inmate may appeal to the Regional Director using a BP-10 form. **28 C.F.R. § 542.15**.  However, the procedure is different for appeals from a disciplinary hearing.  "DHO appeals shall be submitted initially to the Regional Director for the region where the inmate is currently located." **28 C.F.R. § 542.14(d)**.  If dissatisfied with the result on the Regional Office level, further appeal to the General Counsel is perfected using a BP-11 form. **28 C.F.R. § 542.15**.  Appeal to the General Counsel is the final level of administrative appeal. ***Id.***  Thus, exhaustion of administrative remedies requires the filing of a

3

BP-11.

The exhaustion requirement for a §2241 case is not created by statute, and is not jurisdictional. Nonetheless, the Seventh Circuit has clearly stated that exhaustion is required in cases such as this. ***Jackson v. Carlson*, 707 F.2d 943, 949 (7th Cir. 1983).** *Jackson* was a habeas case in which petitioners claimed their due process rights were violated by prison disciplinary procedures. Howell does not contend that he was not required to exhaust administrative remedies.

In this case, the grievance process was complicated by the fact that, while Howell complained about not getting a copy of the DHO report, the relief he sought was not simply to receive a copy of the report. Rather, he asked to have the incident report expunged. Expunging an incident report is relief that cannot be granted at the institutional level by the warden. Accordingly, a grievance about discipline imposed after a DHO proceeding must be initiated by filing a BP-10 to the Regional Director. **28 C.F.R. § 542.14(d)**.

Howell attached documents to his habeas petition that demonstrate the following sequence of events:

- On April 5, 2004, Howell sent to the Regional ***Counsel*** (not the Regional ***Director***) a BP-10 and a copy of an 11 page complaint. His cover letter asked the Regional Counsel to give the BP-10 to the Administrative Remedy Coordinator. The record does not contain a copy of the BP-10 itself.

- On April 12, 2004, and April 22, 2004, Howell requested his correctional counselor, T. Black, to find out what happened to the BP-10 that he had mailed to the Regional Counsel

- On April 28, 2004, Howell submitted a BP-10 to the Regional Director in which he stated that the Regional Counsel Daryl Kosiak and the Remedy Coordinator had retaliated against him by failing to process the documents he had sent in his April 5, 2004, letter. The April 28, 2004, BP-10 did not state that the original BP-10 was for failing to give him a copy of a DHO report, and it did not reference in any way the fact that the grievance was related to a disciplinary hearing.

4

- On May 7, 2004, the Regional Office sent a rejection notice. The April 28, 2004, BP-10 was rejected because Howell had not attempted informal resolution or filed a BP-9 to the warden.

- On May 19, 2004, Howell submitted a BP-9 to the warden, in which he stated that the Regional Counsel and Remedy Coordinator failed to file his BP-10 against I.R. #1189251 "for failing to provide me with a timely DHO report." He requested that the incident report be "dismissed and expunged."

- On May 28, 2004, the warden rejected the BP-9 because "If you are requesting your incident report be expunged, you need to file a BP-10 to the Regional Office."

- Howell prepared a BP-10 dated May 11, 2004, but obviously completed on a later date, as it refers to later events. In it, he recites that his April 5, 2004, BP-10 had been sent to the Regional Counsel and that he had never received a response. He states that he filed a BP-9 to the warden, who rejected it on May 28, 2004, because the warden cannot expunge an incident report. He again states that he wants the report expunged and his good conduct time returned.

- On June 24, 2004, the Regional Office rejected the BP-10 because he did not provide a copy of the DHO Report or "identify the charges and date of the DHO action." The notice stated that he could resubmit his appeal within 15 days.

- Instead of resubmitting his appeal to the Regional Office, on July 13, 2004, Howell filed a BP-11 in which he stated he was appealing from "all stages thus far of the rejection notices I've received in Remedy NO. 335958-R1, IR #1189251." He stated that he had not been provided a copy of the DHO Report within ten days of the hearing held on February 24, 2004.

- On August 3, 2004, the appeal was rejected by the Central Office because Howell did not provide a copy of the DHO report, or identify the charges and date of the DHO action, or provide copies of the BP-10 or BP-10 response from the Regional Director. The notice stated that he could resubmit his appeal within 15 days.

Rather than resubmit his appeal, Howell filed his habeas petition in this Court on August 25, 2004.

Respondent points out that Howell sent the initial grievance to the wrong office. The April 5, 2004, BP-10 was sent to the Regional **Counsel** and not the Regional **Director**, as required. When he did not receive an acknowledgment of receipt of that grievance, Howell filed another BP-10, which he apparently sent to the Regional Director, in which he complained that

5

the Regional Counsel and Remedy Coordinator had retaliated against him.

Howell's reply does not address the fact that he sent his initial BP-10 to the wrong person. Instead, he claims that respondent's **Exhibit E** proves that his April 5, 2004, BP-10 was received by the North Central Regional Office. Respondent's **Exhibit E** is a listing of the many grievances filed by Howell from 1993 to March 21, 2005. The exhibit is 12 pages long, and reflects that Howell has filed numerous grievances regarding DHO appeals and seeking to have incident reports expunged. Howell asserts that the fourth entry on page 10, which shows receipt of an administrative remedy "inmate requests an incident report be expunged," indicates that the BP-10 he mailed to the Regional Counsel was received and should have been processed. The flaw in his argument is that the entry he cites clearly indicates that the administrative remedy was received on April 5, 2004. Howell's cover letter to the Regional Counsel was dated April 5, 2004, and obviously could not have been received in the Regional Office in Kansas City on that date.

Howell's reply does not directly answer the argument of failure to exhaust. He simply states that the documents attached to his petition show "a complete above and beyond exhausting of administrative remedies." **Doc. 10, p.8, ¶12**. In fact, those documents establish that Howell failed to exhaust his administrative remedies in that he sent the first BP-10 to the wrong person, and never perfected an appeal all the way through to the General Counsel per **28 C.F.R. § 542.15**.

This case is factually similar to ***Anderson v. Miller***, **772 F.2d 375 (7th Cir. 1985)**. The petitioners in that case were also seeking habeas relief with regard to prison disciplinary proceedings. They submitted BP-11 forms which were rejected because they did not attach copies of the completed BP-9 or BP-10 forms. ***Anderson*, 772 F.2d at 377.** As in the instant

6

case, the petitioners were notified of the defect and given a chance to correct it, but they filed habeas petitions instead.  *Anderson*, 772F.2d at 378.   The Seventh Circuit rejected the petitioners' argument that their failure to follow the regulations should be excused because they had submitted everything they had along with their BP-11 forms.  The Court stated:

> We recognize that there will be some difficulty encountered by prisoners acting *pro se* in complying with administrative requirements. We also must recognize that these requirements are a necessary part of maintaining an orderly and manageable prisoner dispute resolution system. The BOP's filing requirements are not unreasonable in view of the obvious need of the General Counsel to review the Warden's and Regional Director's responses to the claim before him.

*Anderson*, 772 F.2d at 379.

Habeas relief was denied in *Anderson* because the petitioners were held to have "deliberately bypassed" the administrative remedy procedure.  **Anderson, 772 F.2d at 378-379.** Subsequent to *Anderson*, the Seventh Circuit has applied a cause and prejudice analysis to a federal prisoner's failure to exhaust administrative remedies; that is, his habeas petition can proceed only if he can show both cause for his procedural default and prejudice  **See,** *Sanchez v. Miller*, **792 F.2d 694 (7th Cir. 1986).**

Under either framework of analysis, Howell's petition must be dismissed.  This Court finds that Howell has deliberately bypassed the administrative remedy procedure.  In addition, he has failed to demonstrate cause for his procedural default.

Although Howell has not explicitly conceded that he failed to exhaust, the Court interprets his second ground for habeas relief as an attempt to demonstrate cause.  Petitioner's second ground is that the BOP failed to follow its own policy when it rejected his request for appeal.  Howell states that he attached "all documentation in his possession" with his BP-11.  **Doc. 1, pp6b-6c**.  He does not specify exactly what he attached to the BP-11.  He acknowledges that the rejection notice stated that he could resubmit his appeal within 15 days, but he offers no

7

explanation for why he did not resubmit the appeal.

    Cause in this context means "some external objective factor, such as interference by officials or unavailability of the factual or legal basis for a claim, which impeded compliance with the state's [or the prison's] procedural rule." **Barksdale v. Lane, 957 F.2d 379, 385 (7th Cir. 1992); see also, *Murray v. Carrier*, 477 U. S. 478, 488 (1986).**  No such external objective factor is demonstrated by the record here.  Howell is quite familiar with the prison administrative remedy system and has utilized it many times over the years, as is demonstrated by respondent's Exhibit E.  He was required to follow the rules in order to perfect his appeal.  ***Anderson*, 772 F.2d at 379.**  He sent his first BP-10 to the Regional Counsel instead of the Regional Director.  Rather than simply correcting that mistake and submitting a BP-10 seeking a copy of the DHO report to the correct person, he chose to pursue a new claim, i.e., that the Regional Counsel and Remedy Coordinator had retaliated against him.  He never exhausted administrative remedies because he elected to file his habeas petition instead of resubmitting his appeal with all the required documentation, as directed in the rejection notice.  This record does not demonstrate cause for his failure to exhaust.

    The petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 is **DISMISSED WITHOUT PREJUDICE for failure to exhaust administrative remedies.**

    **IT IS SO ORDERED.**

    DATE:  October 19, 2005.

                                    s/ Clifford J. Proud
                                    **CLIFFORD J. PROUD**
                                    **UNITED STATES MAGISTRATE JUDGE**